```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

VINCENT E. THOMAS,                     :
                                       :
    Plaintiff,                         :
                                       :
vs.                                    :
                                       :   CIVIL ACTION 14-0445-M
CAROLYN W. COLVIN,                     :
Social Security Commissioner,          :
                                       :
    Defendant.                         :


MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling denying a claim for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action was referred to the undersigned Magistrate Judge to conduct all proceedings and order judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived (Doc. 19). After considering the administrative record and memoranda of the parties, it is **ORDERED** that the Commissioner's decision be **AFFIRMED** and this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th

Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

The Plaintiff applied for disability benefits and SSI on August 22, 2011 and August 9, 2011, respectively, alleging a disability onset date of May 17, 2011 (Tr. 20, 140-49).  At the administrative hearing, Thomas was thirty-seven years old, had completed a high school education (Tr. 39), and had previous work experience as an electrician's helper and tank cleaner (Tr. 61).  Plaintiff alleges disability due to Type I Diabetes Mellitus, loss of vision in his right eye, gastroparesis, and nephritic neuropathy (Doc. 13 Fact Sheet).

An Administrative Law Judge (ALJ) denied benefits, determining that although Thomas could not return to his past relevant work, there were specific medium-exertion jobs that he could perform (Tr. 20-27).  Plaintiff requested review of the hearing decision (Tr. 14-16), but the Appeals Council denied it (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Thomas alleges

the single claim that the ALJ did not properly consider the opinions of his treating physician (Doc. 13). Defendant has responded to—and denies—this claim (Doc. 14). The relevant record evidence follows.[1]

On February 24, 2011, Thomas was seen at the Mobile County Department of Health, seeking prescription refills for his diabetes and hypertension; his blood pressure, which was significantly elevated, was due to not taking his medications for one and one-half weeks (Tr. 219-22). Otherwise, the exam was essentially normal; Plaintiff's diabetes was characterized as uncontrolled. Dental care was recommended but declined.

On March 2, Dr. Karl Whiting, O.D., at Franklin Primary Vision Center, noted that Thomas had 5/600 vision in the right eye and 20/40 in the left eye, uncorrected; the left eye improved to 20/25 with correction (Tr. 352). There was longstanding retinal detachment in the right eye. It was recommended that Plaintiff wear safety frames full-time to protect his good eye.

On April 18, Thomas was admitted for two nights to the University of South Alabama Medical Center (hereinafter *USAMC*) for intractable abdominal pain, nausea, and vomiting (Tr. 238-55). The attending physician diagnosed him to have diabetic

---

[1] As Thomas asserts his disability began on May 17, 2011, the Court will not review evidence that pre-dates that by a long period or medical evidence unrelated to his claims in this action.

gastroparesis, but concluded that although his diabetes was formerly under control, Thomas had brought this hospitalization on himself by failing to follow his prescribed diabetic regimen; Plaintiff indicated that he was not going to change in spite of advice to do so.

On November 8, Dr. Edward C. Baranano, Ophthalmologist, examined Plaintiff and found his right eye blind due to past retinal detachment; his left eye was stable (Tr. 268-72). Thomas was restricted to driving with side view mirrors.

On November 11, Plaintiff went to the Emergency Room at USAMC and was treated for hypoglycemia (Tr. 273-77)

On November 17, Dr. Alan Jay Sherman performed a consultative examination, finding Thomas's vision was 20/30 in the left eye, 20/40 in both eyes, and right eye blindness (Tr. 279-85).  The Doctor noted finger-to-thumb fine motor movement was mildly clumsy bilaterally; upper extremity strength to resistance was 4/5.  Plaintiff had good range of motion throughout except for mild decreased flexion of the left knee with pain; grip strength was normal though dexterity was mildly restricted.  Because of Thomas's medical history of diabetes, blindness, and hypertension, Sherman did not think that he could work full-time.

On January 16, 2012, Plaintiff was admitted to USAMC for a week following complaints of nausea, vomiting, and abdominal

4

pain for two days (Tr. 286-329).  He was diagnosed to have shigellosis, a bacterial infection.

On February 22, 2012, Thomas went to Franklin Primary Health Care to get prescriptions refilled (Tr. 332-35).  On March 15, was seen for nocturnal incontinence (Tr. 330-21).

On June 24, ER records from Springhill Medical Center show that Plaintiff was treated for hypoglycemia (Tr. 336-41).  Thomas reported that he had taken his insulin but forgot to eat at a contemporaneous time.

On July 19, Dr. James O. Devaney, a family practitioner with the Franklin Clinic, completed a Diabetes Questionnaire indicating that Plaintiff's blood sugar levels were under good control within normal limits (Tr. 342-43).  The Doctor stated that Plaintiff had diabetic neuropathy associated with renal function and would have moderately severe-to-severe limitations in working.

This concludes the Court's summary of the evidence.

Thomas claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of his treating physician, Dr. Devaney.  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."

5

*Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2014).

In his decision, the ALJ summarized the record evidence before finding Plaintiff capable of performing specific medium-exertion jobs; in reaching this conclusion, the ALJ relied on the testimony of a vocational expert (Tr. 22-27). The ALJ discounted Dr. Sherman's opinions, a conclusion not challenged in this action. The ALJ also found that Thomas's testimony regarding the severity of his limitations was not supported by the evidence; Plaintiff has not challenged this finding either.

The ALJ gave little weight to Dr. Devaney's opinion that Thomas would be moderately severe-to-severely limited in his ability to work, finding evidence lacking to support the conclusion. He specifically noted that Devaney's opinion was premised on his finding that Thomas had neuropathy associated with renal function even though Plaintiff had testified at the hearing that he did not have neuropathy.

The Court finds substantial support for the ALJ's conclusion. Dr. Devaney's treatment notes provide no evidence of limitation and provide barely any evidence beyond prescription information. As a whole, the record demonstrates that Thomas has not properly cared for his impairments, causing

---

[2]The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

6

him to seek emergency intervention more than once.  The Court further notes that, by his own reports, Thomas's daily activities rebut his treating physician's suggestion of inability.

Thomas has raised a single claim here; that claim lacks merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 17th day of April, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
